UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY RECH,

    Plaintiff,

v.

AMERICAN NATIONAL RED CROSS and
and MARY LYNN FOSTER,

    Defendants.
_____/

Case No. 2:23-cv-12760

Honorable Susan K. DeClercq
United States District Judge

## OPINION AND ORDER DENYING MOTION TO DISMISS

Oh, what a difference a day makes. Or does it? On October 8, 2023, Plaintiff Perry Rech filed a discrimination lawsuit in state court, following the termination of his employment from American Red Cross. He had to correct an error in his complaint and refiled it two days later.

Defendants argue that Plaintiff's complaint should be dismissed under Civil Rules 12(b)(6) and (c) for being filed one day later than the three-year statute of limitations. *See* ECF Nos. 9; 13. Not so.

Dismissal of a complaint "is warranted if the allegations in the complaint affirmatively show that the claim is time-barred." *Lutz v. Chesapeake Appalachia, LLC*, 717 F.3d 459, 464 (6th Cir. 2013). If not, then dismissal should be denied.

It is undisputed that Plaintiff's employment was terminated on October 9, 2020, and that he had three years to challenge it in court under the Elliot-Larsen Civil Rights Act and the People with Disabilities Civil Rights Act. *See* MICH. COMP. LAWS § 600.5805(2) (2018); ECF Nos. 1 at PageID.2; 10 at PageID.129.

But the state court was closed on that day—October 9, 2023—for a holiday: Columbus Day/Indigenous Peoples Day. *See* Mich. 3d Cir. Wayne Cnty. Admin. Order 2023-01 (issued Jan. 18, 2023). In Michigan courts, if the last filing day is a holiday, it is extended to the following open business day. Mich. Ct. R. 1.108(1). Thus, Plaintiff was allowed to file on October 10, 2023, which he did. His filing would have been timely under the Federal Rules too. *See* FED. R. CIV. P. 6(a)(6).

Yet Defendants suggest that Plaintiff's complaint is time-barred because he could have filed it elsewhere. ECF No. 11 at PageID.153–54.

That argument also lack merit. Both Michigan law and federal law agree that an electronic filing is considered timely if submitted on the business day following a holiday deadline. *See* Mich. Ct. R. 1.109(G)(5)(b), (c); FED. R. CIV. P. 5(d)(3)(D); *see also McKelvie v. City of Mount Clemens*, 940 F.2d 661 (6th Cir. 1991) (unpublished table decision) (holding that federal courts must apply federal procedural rules following removal).

In sum, Plaintiff's filing was timely when he submitted it electronically on October 10, 2023, due to the holiday court closure. *See* ECF No. 1-1. The law

- 3 -

provides extensions for filing deadlines when they fall on holidays, ensuring fairness and proper procedure. Because the court closure extended the deadline from October 9 to October 10, 2023, Plaintiff's lawsuit was filed on time.

Accordingly, it is **ORDERED** that Defendant's Motion to Dismiss, ECF No. 9, is **DENIED**.

**This nonfinal order does not close the case**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated:  8/9/2024